THE PEOPLE *ex rel.* ATTORNEY GENERAL *v.* TURNER.

A person who, at the time of his election as District Judge of this State, held and discharged the duties of the office of Inspector of the Customs of the United States, at a salary of three dollars and seventy-five cents per day, payable monthly, under and by virtue of an appointment by the Collector of the Port of San Francisco—which appointment was never approved by the Secretary of the Treasury—was not ineligible to the office to which he was elected by force of the twenty-first section of the fourth article of the Constitution of this State.

Under the Constitution and laws of the United States, an appointment by the Collector of an Inspector of a port within his district requires for its validity the approval of the head of the Treasury Department, and until the appointment has been so approved, the appointee is not an officer of the United States Government within the meaning of the prohibitory provisions of the State Constitution.

APPEAL from the Sixth Judicial District.

Action in the nature of a *quo warranto* to remove defendant from the office of District Judge of the Eighth Judicial District.

The facts are stated in the opinion. Defendant had judgment in the Court below, and plaintiff appeals.

*Frank Hereford*, for Appellant.

The defendant is estopped from denying that he was duly appointed Inspector. He held the office and received the emoluments, and must certainly share its disadvantages. (*Hall* v. *Luther*, 13 Wend. 492.)

*Gregory Yale*, for Respondent.

I.   The office of Inspector of Customs was not an office under the United States, within the meaning of the twenty-first section of article four of the State Constitution, which would render the incumbent ineligible to an office under the State.

II.  If an office, it is not a lucrative office, within that section.

III. If an office and a lucrative office, yet the defendant was never duly appointed and commissioned so as to be regularly in that office, and therefore not within the meaning of said section.

1. He was never commissioned by the President of the United States.

Article two, section two, of the Constitution of the United States, in enumerating the powers of the President, says : " He shall commission all the officers of the United States."

There is no exception in the language of the Constitution, as to commissioned officers, no matter who appoints.

2. By the second clause of article two, section two, of the same instrument, the President appoints " all the other officers of the United States, not required to be confirmed by the Senate, where appointments are not herein otherwise provided for, and which shall be established by law ; but the Congress may by law vest the appointment of such inferior officers as they think proper in the President alone, in the Courts of law, or in the heads of the Departments.

There are under this clause but four sources of appointing power :

1st, the President and the Senate ; 2d, the President alone ; 3d, the heads of the Departments ; 4th, the Courts of law—and the defendant did not receive his appointment from any of the four sources.

3. The law provides for the employment of Inspectors as follows:

" The Collector shall, with the approbation of the principal officer of the Treasury Department, employ proper persons as Weighers, Gaugers, Measurers and Inspectors at the several ports within his district ; and with like approbation, provide, at public expense, storehouses for the safe keeping of goods, and scales, weights and measures as may be necessary." (Sec. 21, Act of March 2d, 1799 ; Brightly's Dig. 319, sec. 3.)

The employment by the Collector, " with the approbation of the principal officer of the Treasury," may be within the second clause of the second section of article two, conferring upon Congress the right to vest the appointment of inferior officers in the heads of Departments, supposing an Inspector to be an officer. But before this conclusion is reached, it must be by reversing the order of appointment. Congress can vest the appointment in the head of a Department directly. But the law here vests the appointment in the Collector with the approbation of the head of the Treasury.

If this be an inferior office, the Secretary alone can make the appointment, and not the Collector. The Secretary in this case, however, never did approve of the appointment ; if the law be constitutional, he did not participate in it all.

The settled construction of this act is, that a Collector can neither appoint or dismiss an Inspector without the approbation of the Secretary of the Treasury. (Note b to sec. 3, 1 Opinions Attorneys General, 459 ; 4 Id. 162–5.) There was, therefore, no appointment to the office. Even if the Secretary delegated the power, such delegated power would be void—*delegatus non potest delegare.*

4. There is no principle of estoppel involved here. Estoppels must be mutual, and the State is not estopped from denying that the defendant held the office.

NORTON, J. delivered the opinion of the Court—COPE, J. concurring.

The question presented in this case is, whether the defendant was ineligible to the office of District Judge of this State by force of section twenty-one, article four, of the Constitution, which provides that no person holding any lucrative office under the United States, or any other power, shall be eligible to any civil office of profit under this State. At the time of his election, the defendant "held and discharged the duties of the office of Inspector of the Customs of the United States at Trinidad, in Klamath county, under and by virtue of the appointment of the Collector of the Port of San Francisco, at a salary of three dollars and seventy-five cents per day, payable monthly." It is not claimed that this appointment was ever approved by the Secretary of the Treasury. By section two, article four, of the Constitution of the United States, the President, with the consent of the Senate, is empowered to appoint all officers whose appointment is not otherwise provided for; "but the Congress may by law vest the appointment of such inferior officers as they may think proper in the President alone, in the Courts of law, or in the heads of Departments." By section twenty-one of the Act of Congress of March 2d, 1799, it is provided that the Collector "shall, with the approbation of the principal officer of the Treasury Department, employ proper persons as Weighers, Gaugers, Measurers and Inspectors at the several ports within his district." Attorney General Wirt, in 1821, gave his opinion to the President, that by the true construction of this law "the names of the individuals proposed to be appointed shall be submitted (by the Collector) to him, (the Secretary of the Treasury) and that no one shall be appointed who shall not be approved by him." Attorney General Legare, in an opinion given to the Secretary of the Treasury in 1843, referring to the above opinion of Mr. Wirt, says: "This, I have no doubt, is true, and indeed the only possible construction under the Constitution. Congress has power to vest the appointment of these inferior officers in the heads of Departments. It has no power to vest it in Collectors." In the same opinion Mr. Legare says: "All permanent Inspectors are officers of the Government of the United States, not mere occasional deputies, employés or agents of the Collector," and "it is plain (under the Act of 1799) that the Collectors of the Customs

were authorized to appoint occasional Inspectors, whose services were demanded by extraordinary exigencies in the service." (1 Opinions of Attorney General, 459; 4 Id. 162.) Assuming these opinions of the Attorney General to be the true construction of the law, as we do, the defendant, at the time of his election to the office of District Judge, did not hold a lucrative office under the United States. His nomination by the Collector had not been approved by the Secretary of the Treasury. Whether he be considered as an "occasional employé," or as a person exercising the duties of an office without authority, he did not hold a lucrative office within the meaning of the prohibitory provision of the Constitution of this State. This provision, we think, can only apply to a person who rightfully holds an office. Unless he holds rightfully, although his acts as a de facto officer may be valid so far as they affect third persons, he can have no right to any salary or emoluments of the office, or to any protection for his acts as an officer. (Riddle v. The County of Bedford, 7 Serg. & Rawle, 386.) If the employment of the defendant in the discharge of the duties of Inspector was under such circumstances that he could not claim for himself the rights of an officer, properly so called, he cannot be disfranchised of any of his rights of a citizen on the ground that he is such officer, whatever liabilities or penalties he may incur for acts done in such employment. The disability must be clearly established by which a citizen is to be debarred of his right to an office, or the public restricted in their right of selecting their officers.

Judgment affirmed.