Statement of the case.

STATE, EX REL. ABRAHAM KIERSKEY *v.* ROBERT M. KELLY.

ON MOTION TO DISMISS APPEAL.

1. CONSTITUTIONAL LAW. *Constitution* 1890, *sec.* 266. *Incompatible offices. Municipal office. Assessor.*

The office of assessor of a municipality is within the provisions of constitution of 1890, sec. 266, providing, with certain exceptions, that no person holding any office of honor or profit, in his own right or as deputy, under any foreign government or that of the United States shall hold any office of honor or profit under the laws of this state.

2. SAME. *Contest for office.*

The acceptance of a federal office by one who is contesting for a state office does not deprive him of the right to continue the contest, if his acceptance were, and continues to be, with intent to resign the federal office as soon as he can enter the state office.

FROM the circuit court of Warren county.

HON. FRANK E. LARKIN, Judge.

The state, suing on the relation of Kierskey, appellant, was plaintiff in the court below; Kelly, appellee, was defendant there. The suit was a *quo warranto* proceeding to determine which of the parties had been elected to the office of city assessor of Vicksburg. The case was once before in the supreme court, and the former decision is reported, *Kelly* v. *State, ex rel. Kierskey,* 79 Miss., 168. After the cause had been remanded on the former appeal the case was again tried in the court below, the trial resulting in a judgment in favor of defendant, Kelly, from which Kierskey appealed to the supreme court, and Kelly prosecuted a cross appeal. After the record was filed in the supreme court, on this the second appeal, Kelly, the appellee, moved the court to dismiss the appeal, showing as the basis of the motion that the appellant, Kierskey, had accepted, since the appeal had been prosecuted, a federal office, to wit, the office of assistant

postmaster at Vicksburg, and had entered upon the discharge of his duties as such assistant postmaster. Section 266 of the constitution of 1890 is as follows:

"SECTION 266. No person holding or exercising the rights or powers of any office of honor or profit, either in his own right or as a deputy, or while otherwise acting for or in the name or by the authority of another, under any foreign government, or under the government of the United States, shall hold or exercise in any way the rights and powers of any office of honor or profit under the laws or authority of this state, except notaries, commissioners of deeds, and United States commissioners."

*Catchings & Catchings, W. J. Voller* and *John Brunini,* for the motion.

Proceedings by *quo warranto* to recover possession of an office can only be prosecuted by one claiming to be entitled to the office. If the court decides in his favor, he is entitled to the office on qualifying as the law prescribes. Code 1892, § 3522.

If at the time of the institution of this suit by Kierskey he had been appointed to and accepted the office as assistant postmaster, a plea to that effect would necessarily have been a bar to its further consideration. He would not in such case have been entitled to the office, and even if it could have been proven that he had received the highest number of legal votes, judgment could not have been rendered in his favor. The circuit court could not have put him in possession of an office which he was not entitled to hold. For the same reason, if pending the proceedings in the circuit court he had been appointed to and accepted the office of assistant postmaster, a plea to that effect would have been good. The same rule must apply at this stage of the proceedings. If this court could consider and pass upon the merits of his appeal, and should reverse the judgment of the court below, it would still remain that the circuit court could not place him in possession of the office. For this reason this court will not enter into a consideration of the question as

to whether the finding of the circuit court was correct or not. It would be a vain and useless proceeding from which no benefit could result to the appellant.

That the defense can now be interposed has been many times decided in cases in which a real controversy pending an appeal had ceased to exist. *Mills* v. *Green,* 159 U. S., 651; and the many cases therein cited.

In *State* v. *Vann,* 127 N. C., 243, where pending appeal from a judgment in an action for the recovery of an office, the term expired, rendering futile any further judgment, the supreme court declined to determine the merits of the case, simply for the purpose of deciding who should pay the costs. To the same effect is *Daniels* v. *Prossey,* 16 Wash., 585; *McWhorton* v. *Northcutt,* 58 S. W., 720; *Robinson* v. *Eubanks,* 87 Tex., 562; *Southwestern Tel. & Tel. Co.* v. *Galveston County,* 59 S. W., 589; *Bishop* v. *State,* 149 Ind., 223; *State* v. *Thompson,* 122 N. C., 493.

It may be argued upon the authority of *Miller* v. *Board of Supervisors,* 25 Cal., 94, that one cannot resign an office unless he is in possession of it. All statements in support of such proposition, no matter where found, rest upon this case, and that too although the announcement of the court was based upon the peculiar language of the constitution or statutes of California. We submit that it is not sound law that one cannot resign an office unless he is in possession of it. An office is an entity which exists whether there be an incumbent or not. It is scarcely correct to say that an office can be resigned. When one surrenders an office, to use the ordinary expression, he surrenders his right to hold, and not the office itself. It would seem necessarily to be true, that a man can resign or surrender his right to hold an office, in as much as there is no means by which he can be compelled to hold it. His right is the right to hold the office, and this right he may resign, or surrender or abandon just as he may give up any other right which he may possess.

Kierskey's acceptance of the office of assistant postmaster was equivalent to a resignation, or surrender or abandonment of the right possessed by him under the charter of the city to hold the office until his successor should be duly qualified. It would be a remarkable distinction which would hold that the effect of his acceptance of the office of assistant postmaster was to create a resignation or surrender or abandonment by him of his right under the charter to hold the office until his successor should be duly qualified, but that it did not disturb, in any particular, his right to assert and maintain through the courts, that he was elected to the office of city assessor, and to demand that he be put in possession of that office. *Packenham* v. *Harper,* 66 Ill. App., 96.

Our constitution goes considerably beyond the doctrine announced by the courts with regard to incompatible offices.

One holding an office of profit, under the government of the United States, is not merely inhibited by the constitution from holding an office of profit, under the laws of this state, but he is inhibited from exercising, in any way, the rights of any office of profit under the laws of this state.

One of the rights of the office of city assessor is the right to institute proceedings by *quo warranto* to recover possession of the office from an adverse claimant, and to be put in possession of it. One of the rights is the privilege of recovering in an action all damages that may have accrued in consequence of withholding, from the person elected, the possession of the office. In instituting this proceeding, if we assume that Kierskey was elected as he claims, he was exercising one of the rights pertaining to the office. No man can institute a suit to recover an office and prosecute the same successfully, unless the office belongs to him. The right to institute such suit, therefore, is a right pertaining to the office, within the meaning of the constitution. It will be seen, therefore, that our constitution is sweeping in its provisions, and goes far beyond the doctrine established with regard to the holding of incompatible offices.

It is also well established that where one loses the right to an office by abandonment, or surrender, or resignation, no matter how such abandonment, surrender, or resignation may be manifested and effected, he loses it forever. He cannot become restored to the right to the office by the cessation of the cause which resulted in his losing it. If he has lost it by removal. he cannot by returning revest himself with the right to the office. If he has lost it by accepting an office which he cannot hold contemporaneously with it, he cannot by resigning such office revest himself with the rights which he had lost. Kierskey could not by resigning the office of assistant postmaster become revested with the right to the office of city assessor. The case therefore is simply this: Kierskey has put himself in such an attitude that under no circumstances can he become entitled to be put in possession of the office of city assessor. It would, therefore, be not only a waste of time, but an abuse of the authority of the law to permit him to prolong this litigation.

*McLaurin, Armstead & Brien, J. D. Thames, Henry & Scudder* and *Alexander & Alexander,* against the motion.

It takes a strong mental effort to conceive that sec. 266 of our constitution can have any application to a case like this. The object of the provision is to prohibit one holding office under the United States and under the state of Mississippi at the same time. This case is neither within the letter nor spirit of our constitution. Certainly it cannot be held within the letter. It provides that no officer of the United States "shall hold or exercise in any way the rights and powers of any office of honor or profit under the law or authority of this state," etc. Mr. Kierskey is not holding or exercising the rights and powers of any office in this state. For Mr. Kelly, who is filling the office of assessor, and who is keeping Kierskey out of it, to suggest that Kierskey is holding the office and exercising its functions, borders on the humorous. Kelly says, "I was elected; I

hold the commission; I am performing all the duties of the office; I am receiving the salary and emoluments, but you, Kierskey, are theoretically holding it, and therefore you cannot longer pursue your effort seeking the privilege or right to actually hold it." We are reminded of Ex-Congressman Allen's joke as to his having so long held the office of candidate.

It will hardly be contended that this case comes within the spirit of our constitutional provisions. Surely it was never intended that a state officer cannot become a candidate for a federal office, or vice versa, nor can it with reason be held that such a candidate, if declared to be defeated, cannot contest the election without first resigning his office. Mr. Kierskey makes affidavit of his intention to resign his federal office, before taking the oath of assessor if successful in his contest proceedings. It was not necessary to make this affidavit, but we procured it so to place beyond all doubt the reason why Mr. Kierskey holds the federal position. Surely our constitution is not so unreasonable as to deny Kierskey the right to earn a livelihood pending his contest, and if he finds a convenient opportunity of doing this by serving the federal government, although at a much less salary, he should not be denied this right. His duties now certainly do not conflict with any duties which he owes the state. He owes the state no service until he has taken the oath of office. He is, through his attorneys, loudly clamoring for his right and privilege of serving the city of Vicksburg as an officer: but it requires a vigorous stretch of the imagination to conceive that he is at present in the service of the city or under any obligation whatever to it.

. We deny that sec. 266 of the constitution applies to municipal offices. A municipal office is not "any office of honor or profit under the law or authority of this state." The next section expressly mentions municipalities, showing thus that the former had no reference to municipal officers.

If the holding of office under the federal government ever becomes material in this controversy, it will only be so when we

come to the question of damages sustained by Kierskey in being deprived of his office by Kelly.

Argued orally by *O. W. Catchings,* for the motion, and by *C. H. Alexander,* contra.

WHITFIELD, C. J., delivered the opinion of the court on the motion to dismiss the appeal.

We think the office of city assessor is within sec. 266 of the constitution. It is an office held "under the authority of the state." This is expressly so decided, under a similar constitutional provision, in *Packenham* v. *Harper,* 66 Ill. App. Ct. Rep., at page 100.

It is well settled that in case of contest for an office, if the term of office expires pending an appeal, the appeal will be dismissed, since the court will not proceed with the case simply to determine the matter of costs. If an age limit were prescribed, one who had passed the age pending an appeal, could not ask the court to proceed to do the vain thing of determining whether he had been elected, when the suit is a contest for the office, and the judgment sought is one to put the relator in possession of the office. In such cases the disqualification is final and irremediable, so far as holding the office is concerned. Is this that sort of a case? What is the purpose of sec. 266? To prohibit the holding of the two incompatible offices at once—the exercising the functions and enjoying the rights of such two offices at the same time. Can one who is kept out of an office for which he is contesting, be said, in any just sense, to be "holding" that office? In such case, if upon winning his contest, he shall resign the incompatible federal office, as appellant swears he intends to do, will he not, at the time his "holding" of the assessor's office begins, be qualified? Is it a just construction of the meaning of this section that when the disqualification for holding the assessor's office is one he may remove by resignation of the federal office before qualifying for the assessor's office, he may not so remove it, but must be held to have vacated the assessor's

office by the mere act of accepting the federal office, temporarily, pending the determination of the appeal? We think not. In such case the disqualification may be removed by resignation, in time, of the federal office. We find two authorities, not referred to by counsel on either side, which support this view. These are *De Turk* v. *Commonwealth,* 129 Pa. St., 151; and *People* v. *Turner,* 20 Cal., 142.

In the first, De Turk was holding the office of postmaster, and was elected "a commissioner of Schuylkill county." He qualified and entered upon the duties of that office. He was thus actually holding the two incompatible offices at the same time. A *quo warranto* was brought to oust him from the county office. Before answer he resigned the postmastership, and the court held that he was entitled to hold the county office, not holding the federal office at the time of answer. In the second, one who was holding the office of inspector of a port, exercising its functions, but whose bond had not been approved by the treasury department, was elected a state district judge, and it was held he was not "ineligible" to the elective office under the 21st section of the fourth article of the constitution of California (1862). The case of *State* v. *Balz,* 9 Richardson (S. C.), at pages 177, 178, points out very clearly the distinction between "the qualification required for holding office, and that for election to office."

It is true that when the holding of two offices at the same time is forbidden by the constitution, it is well settled that the acceptance of the second office, *ipso facto,* operates an absolute vacation of the first, and that no judicial determination is needed to declare the vacancy. Mechem on Public Officers, sec. 429; Throop on Public Officers, sec. 31. But whether the appellant's acceptance of the federal office is an implied resignation of the office he is contesting for, depends on whether he has accepted the federal office intending to hold it permanently, or only till his right to the assessor's office is established. The fact that he has accepted the federal office which he cannot hold conjointly with the state office, does not preclude him from resigning the

federal office, and thus removing disqualification to hold the assessor's office. To hold him so precluded would be equivalent to declaring that one elected to an office, but kept out of it, whilst contesting for it, cannot temporarily hold until the contest is determined, an office, which he cannot continue to hold permanently, if he qualifies and holds the other. No matter how clearly it may be shown that he will only hold the federal office, in the interim, while the contest is pending, he must lose the other office, if the logic is sound. This would make sec. 266 mean that one who accepts, for however short a time, a federal office, *eo instanti,* vacates, or abandons all right to, any office held under state authority to which he may have been elected, and out of which he may be kept, and to obtain which he may have brought his contest.

We think the actual holding of the two incompatible offices at the same time is, and that only is, the thing sec. 266 prohibits.

The strongest case cited by learned counsel for appellee is *Packenham* v. *Harper,* 66 Ill. App. Ct. Rep., p. 96. But the marked distinction between that case and this is that in that case the person elected tax collector in April, 1893, had in December, 1893, accepted the postmastership and entered upon its duties, and had also done all things necessary to enter upon the discharge of the duties of tax collector except to have his bond approved, and was doing all he could to have that done, thus plainly manifesting his intention to actually hold both offices. He made that purpose clear. The decision in that case was right on its facts. On the contrary, in this case, so far as we have any evidence of intention, it is that appellant will resign this federal office before entering upon the other. We do not think "the rights" of the office which sec. 266 refers to, include the right to contest for the office, which he is now certainly not holding; but to those rights he will be entitled to exercise should he be installed. We are of opinion on the facts here that this motion must be denied.

*Motion overruled.*