DAVID B. THOMPSON, *v.* STATE OF MISSISSIPPI ex rel., etc., and LOUIS C. MONETTE *v.* STATE OF MISSISSIPPI ex rel., etc.

TWO CASES.

[44 South., 989.]

1. CONSTITUTIONAL LAW. *Constitution* 1890, § 20. *Official terms. Municipalities. Ordinances. Policemen.*

Constitution 1890, § 20, providing that no person shall be elected or appointed to office in this state for life or good behavior, but the term of all offices shall be for some specified period, applies to municipal as well as to state and county officers and a municipal ordinance purporting to authorize the appointment of policemen during good behavior is unconstitutional and void.

2. SAME. *Constitution* 1890, § 88. *Municipal charters. Amendment. Special act. General laws.*

Constitution 1890, § 88, providing that the legislature shall pass general laws under which municipal charters may be amended, prohibits the amendment of charters except under such laws, and Laws 1900, ch. 134, p. 173, a special act purporting to amend the charter of Meridian, is unconstitutional and void.

FROM the circuit court of Lauderdale county.

HON. ROBERT F. COCHRAN, Judge.

The state of Mississippi, suing by the district attorney, on the relation of the police commission of Meridian, appellee, was plaintiff in the court below in each of the cases. Thompson, appellant in one of the cases, and Monette, appellant, in the other, were defendants there in the respective suits. From a judgment in each case in the plaintiff's favor, the respective defendants appealed to the supreme court.

The police commission of the city of Meridian, as relator, sought by this suit in the nature of *quo warranto* to oust the appellants, who were exercising the functions of policemen of the city under an appointment made under an alleged ordinance adopted by the municipal authorities of the city on the 5th day of February, 1901; said ordinance being predicated of a special act of the Legislature (Laws 1900, p. 173, ch. 134), purporting to amend the charter of the city of Meridian by creating a police commission for the city and prescribing the duties of same. The relator prayed for a judgment removing the respective appellants from office, because the ordinance of February 5, 1901, under which appellants were appointed policemen, is void, in this: it does not provide for a definite term of service of policemen, but fixes the term for such time " as policemen shall render good service "; appellee contending that the ordinance is in violation of § 20 of the Constitution of the state, and also violated the charter as amended by the act of the Legislature of 1900 (Laws 1900, p. 173, ch. 134). Each appellant demurred to the information against him, and insisted that a policeman is not an officer within the meaning of § 20, Constitution 1890, and that the special act passed by the Legislature of 1900 (Laws 1900, p. 173, ch. 134), creating the police commission, is unconstitutional, in that it violates §§ 87, 88, and 89, Constitution 1890. The demurrer was overruled. An issue of fact having been made up, a jury was waived, and the cause submitted to the court upon an agreed statement of facts, substantially as follows: The appellants were, at the time suit was brought, in possession of, using, and exercising the functions of policemen of the city by virtue of appointment under an ordinance passed February 5, 1901, or a subsequent ordinance, and there is no ordinance of the city fixing a definite term of service for policemen.

*Williamson & Gilbert,* for appellants.

A policeman is not an officer within the meaning of § 20

of the Constitution; the term " office " as used in the Constitution, means an office within one of the three departments of state government, and not a policeman serving a municipality. *Attorney-General ex rel.* v. *Connars,* 9 South., 7; *State ex rel. Platt* v. *Kirk,* 15 Am. Rep., 239; *State* v. *Smith,* 16 L. R. A., 791; *State* v. *Hewitt,* 16 L. R. A., 413; *Britton* v. *Steber,* 62 Mo., 370; *State* v. *Seavey,* 22 Neb., 454; *Douglass County* v. *Timme,* 32 Neb., 272; *People* v. *Provines,* 34 Cal., 520; *People* v. *Henry,* 62 Cal., 557; *Mohan* v. *Jackson,* 52 Ind., 599; *State* v. *Sumner,* 33 La., 237; *Robinson* v. *White,* 26 Ark., 139; *State* v. *Kalb,* 50 Wis., 178.

This contention is not overthrown by the decision of our own court in the case of *Kirsky* v. *Kelly,* 80 Miss., 803, wherein it is held that a city assessor is within the meaning of § 266 of our Constitution, as was insisted by counsel for appellee on the trial of this cause in the court below. In § 266 any officer is expressly included who "holds or exercises in any way the rights and powers of any office of honor or profit under the laws or authority of this state," etc. In this case the court held that a city assessor is within the purview of this broad, sweeping, and, we might say, blanket clause.

We invite the court's attention to sec. 22 of our Constitution, providing that " No person's life or liberty shall be twice placed in jeopardy for the same offense," etc. Notwithstanding this section a municipality may arraign and convict one charged with a crime, and the person so convicted cannot plead such conviction as a bar to a prosecution by the state for the same act. *Johnson* v. *State,* 59 Miss., 543.

Also sec. 31, preserving the right of trial by jury. The municipality might, in the face of this section of our Constitution, deny the right guaranteed to a citizen under that section.

Our state, and other states, have ever recognized that a municipality is a separate and distinct government from that of the state, that the powers which are exercised by municipali-

ties are superadded to those exercised by the citizens in the same locality; that the people of towns and cities are governed that much more than are the people of the state generally, and are amenable to a separate and distinct government.

If it should be held by the court that a policeman is within the meaning of sec. 20 of the Constitution, and that the act of 1900 is mandatory upon the city boards to fix a definite term for policemen thereafter, we submit that said act approved February 28, 1900, is unconstitutional.

Section 88 of the Constitution of 1890 is as follows: " The Legislature shall pass general laws under which cities and towns may be chartered and their charters amended," etc. It is conceded by appellee that this section is mandatory. The court has twice declared it to be mandatory. *Yazoo City* v. *Lightcap,* 82 Miss., 148; *Adams* v *Kuykendall,* 83 Miss., 571.

Can the Legislature pass a special law where there is a constitutional mandate to pass general laws, but no specific words prohibiting the passage of special laws? We insist that the very statement carries its answer. There is certainly a difference between what is directory merely and that which is mandatory. It is well founded law that constitutional clauses or sections will be construed as mandatory unless clearly directory. A statute passed under a directory provision may not be void for non-compliance with the direction, but any statute enacted that is a non-compliance with a mandatory provision will be void. Did the makers of the Constitution intend that there should be two ways of getting the charters of municipalities amended? Did they intend that the cities and towns should have the option between a special act of the Legislature and the methods that might be prescribed by the Legislature? Did they intend that the city of Meridian might get a special act amending its charter, or follow the Code, § 3039, Code of 1892, at its option? Did the Constitution makers intend to abridge the powers of the Legislature when they drafted sec. 88? Was any remedy at all intended thereby? All these questions

are answered in the *Lightcap case, supra,* where the remedies to be effected, and the evils to be corrected are masterfully discussed.

*J. H. Currie* and *Neville & Wilbourn,* for appellees.

Section 20 of the Constitution of 1890 declares a rule of public policy in this state with reference to the tenure of all offices, whether constitutional offices, or those created under the law for local communities. It is general in its provisions, and prescribes a most salutary rule in the interest of the people and we see no reason why it should be restricted in its application to so-called constitutional offices.

A policeman is more than a municipal officer. He is charged under the general laws of the state. He is authorized under § 143 of the Code of 1906 to serve writs of attachment issuing from the state courts. Section 5056 of the Code of 1906 imposes special duties upon policemen with reference to the enforcement of the vagrancy laws of the state. Section 1749 of the Code of 1906, imposes duties upon policemen with reference to the seizure and destruction of intoxicating liquors kept or offered for sale contrary to law. Under § 3394, of the Code of 1906, it is provided that the city marshal shall be "the chief of police" of all Code municipalities and under § 3400 of the Code of 1906 the police officers are made deputy marshals of the police courts, where a municipality has a police justice. It is clear, not only that a policeman is recognized in the state law as an officer of a municipality, but that a policeman is charged with many important duties under the general law, which would otherwise not be incumbent upon him as a mere officer of the municipality. In the case of *Kiersky* v. *Kelly,* 80 Miss., 803, our court has held that the office of assessor of a municipality is an office within the purview of sec. 266 of the Constitution of 1890. The effect of this decision is that the said office of assessor of a municipality is an "office of honor or profit under the laws or authority

of this state." The language of sec. 20 of the Constitution is equally as broad as the language of sec. 266. Section 20 says no person shall be appointed to office in this state, meaning any office in this state; and meaning by the expression " in this state " just as much as is meant by the language of sec. 266 " under the laws or authority of this state." Indeed it seems to us the words " office in this state " construe themselves and leave no reasonable ground for debate as to their meaning. In the case of *Roane* v. *Tunstall,* 75 Miss., 94, sec. 250 of the Constitution, which is " All qualified electors and no others, shall be eligible to office except as otherwise provided in this Constitution " is held to relate to municipal offices. A person not a qualified elector was in said case held ineligible to hold the office of city marshal.

Where there is a well founded reasonable doubt of the constitutionality of an act of the Legislature, such act must be sustained. *State* v. *Henry,* 40 South., 152; *Newsom* v. *Cocke,* 44 Miss., 352; *Marshall* v. *Grimes,* 41 Miss., 31; *Sykes* v. *Columbia,* 55 Miss., 14; *Burnham* v. *Sumner,* 50 Miss., 520; *Hart* v. *State,* 39 South., 523; Cooley on Constitutional Limitations, § 184.

" Where the Legislature had powers precedent to the Constitution it will continue to enjoy them to the full extent as before up to the point of restriction by that instrument." *State* v. *Henry, supra.*

" Where the Constitution schedules powers giving or taking away it must be presumed to have scheduled all, and it only must be looked to with its necessary implications for the limit of authority or restriction." *State* v. *Henry, supra.*

The contention is that the Legislature is prohibited by the Constitution from passing special laws amending the charters of municipalities, and that such charters may be amended only by general laws; and that the act of 1900 is an act amending the charter of Meridian, and is therefore, being a special act, unconstitutional.

It cannot be denied that the Legislature undoubtedly had the power prior to the Constitution of 1890 to charter municipalities and to amend their charters by either special or general laws.

Section 88 of the Constitution does not say expressly that the Legislature shall no longer have the power to charter municipalities and amend their charters by special laws. It simply requires that the Legislature shall provide general laws whereby this end may be accomplished. Section 90 of the Constitution schedules all of the matters which shall be provided for only by general laws, and the fact that it does not include in that schedule the subject of amending the charters of municipalities must be taken as meaning that the framers of the Constitution did not intend to restrict the Legislature to the extent of forbidding special laws amending municipal charters. It would have been an easy matter to have so provided in Sec. 90 of the Constitution, if such had been the intent of the makers of that instrument, and it must be presumed that all the matters intended to be left to general legislation alone were included in sec. 90.

Section 87 clearly has no reference whatever to municipal corporations but only to private or business corporations; and while Sec. 88 is mandatory upon the Legislature as to the passage of general laws whereby municipalities may be chartered and their charters amended, it is not restrictive of the power of the Legislature, which it had before, to pass also special laws on the same subject. There is no implied restriction upon the power of the Legislature to pass special laws amending municipal charters in Sec. 88. It was only intended that a general law providing a means under which such charters might be amended at any time whether the Legislature was in session or not, and whereby the Legislature might be relieved of the necessity in all instances of entertaining bills for the amendment of such charters, should be passed. This purpose has been accomplished in the adoption of the Code chapter

on municipalities and the adoption of § 3039 of Code of 1892; § 3444, Code of 1906. The constitutional guarantee of general laws on this subject is assured; municipalities are not alone dependent on the Legislature for the passage of special acts amending their charters, nor indeed for the passage of any further general laws on the subject. At the same time, however, they are not expressly or impliedly prohibited from having the Legislature amend their charters as heretofore by either special or general laws. To so hold does not render nugatory the constitutional provision, nor does it commit the court to the proposition that the Legislature has the power to ignore Sec. 88 of the Constitution and thereby annul it. There is no question here as to a failure to comply with Sec. 88 of the Constitution; no question here as to any inconsistency therewith; no question as to any evasion thereof; nor of any annulment thereof; but simply a contention on the part of the appellants that this court ought to read into Sec. 88 of the Constitution an implied restriction of power the Legislature had before the adoption of that section in the face of the fact that, notwithstanding it might easily have been inserted either in Sec. 88 or Sec. 90 of the Constitution expressly, such restriction was omitted from those sections by the framers of the instrument. In other words, the contention of appellants is tantamount to reading into Sec. 88 a provision that the charters of municipalities must be amended only by general laws; when all that Sec. 88 actually requires is that the Legislature shall adopt general laws whereby it will be possible for municipalities to get their charters amended. The maxim " *Expressio unius est exclusio alterius,* has no application here. On this point see the case of *Cole* v. *Humphries,* 78 Miss., 163; s.c., 28 South., 808, construing Sec. 78 of the Constitution. It was contended in that case that because Sec. 78 made it the duty of the Legislature to regulate by law deductions from the salaries of officers for neglect of official duty the Legislature had no authority to provide for deductions for other causes.

The case of *Yazoo City* v. *Lightcap,* 82 Miss., 148, s.c., 33 South., 949, is simply authority for the proposition that Code 1892, § 3039 is not unconstitutional and was a partial compliance with the mandate of Sec. 88 and that said section was mandatory upon the Legislature.

MAYES, J., delivered the opinion of the court.

We have no hesitancy in declaring that a policeman is an " officer," within the meaning of Sec. 20 of the Constitution of the state of Mississippi, and must be appointed for some specified time. Any law or ordinance which provides for the appointment of such an officer during good behavior is in violation of this section and void. In the case of *Shelby* v. *Alcorn,* 36 Miss., 273, on page 289, 72 Am. Dec., 169, this court held " that a public officer is one who has some duty to perform concerning the public; and he is not the less a public officer when his duty is confined to narrow limits, because it is the duty, and the nature of that duty, which makes him a public officer, and not the extent of his authority." *Shelby* v. *Alcorn,* 36 Miss., 273; 72 Am. Dec., 169; *Kierskey* v. *Kelly,* 80 Miss., 803; 31 South., 901; *Johnson* v. *State,* 132 Ala., 43, 31 South., 493. The section of the Constitution referred to above contemplates all persons who have any duty to perform concerning the public under any law of this state, whether it be under an act of the Legislature, the Constitution of the state, or a municipal ordinance. The ordinance in question not providing for a specified term of service for the policemen of the city, but authorizing the appointment during good behavior, is void.

Chapter 134, p. 173, of the Laws of 1900, amending the charter of the city of Meridian, is itself unconstitutional, in that it violates Sec. 88 of the Constitution of the state, which provides that " the Legislature shall pass general laws, under which local and private interests shall be provided for and protected, and under which cities and towns may be chartered and their

charters amended," etc.   Acting under this section of the Constitution, which is mandatory, the Legislature has provided by general law, in § 3039 of the Annotated Code of 1892, as amended by Laws 1900, p. 79, ch. 69, the way in which municipalities may amend their charters.   This was the only way that the charter of the city of Meridian could be amended, and the special act referred to above is in violation of the Constitution.

It follows, from what has been said above, that the ordinance is void because it violates Sec. 20 of the Constitution, in that it prescribes no definite term of service, and ch. 134, p. 173, Laws 1900, is void for the reason that it is attempted by the Legislature by special law to amend the charter of the city of Meridian, when the Constitution requires that all such amendments shall be made by general law.

*The case is affirmed.*