## O'Neal *v.* Fairley.

(In Banc. March 10, 1941. Suggestion of Error Overruled, April 14, 1941.)

[200 So. 722. No. 34479.]

**J. F. Galloway** and **Buntin & McIntosh**, all of Gulfport, for appellant.

**Wallace & Greaves**, of Gulfport, for appellee.

**Anderson, J.,** delivered the opinion of the court.

Appellant, O'Neal, brought this action which is in the nature of a quo warranto proceeding against appellee, Fairley, to have the latter ousted from the office of member of the Board of Supervisors of Harrison County, claiming that he had been elected thereto and seeking to be installed in the office. The original information was amended and later the Attorney General intervened on behalf of the state. Thereafter the cause proceeded as quo warranto in the name of the state by the Attorney General on the relation of O'Neal. Fairley demurred to the information which demurrer was sustained, and O'Neal declining to plead further final judgment was rendered dismissing the cause. From that judgment O'Neal prosecutes this appeal.

For twelve years prior to the 1st of January, 1940, Fairley had been a member of the board of supervisors for the Fifth District of Harrison County. He was a candidate for re-election. There were other candidates, including O'Neal. Fairley received a majority of all the votes cast, and was declared elected by the proper authority. A bond was required by the board of supervisors in the sum of $55,000. Fairley failed to make the bond and take the required oath of office. Thereupon a vacancy in the office was declared and another election ordered for the 15th of February, 1940, which was accordingly held. In that election Fairley, O'Neal and one Hatfield were the candidates. Fairley received the majority of all the votes cast, and again failed to make the required $55,000 bond and take the oath of office. Another election

was ordered to fill the vacancy to be held on the 28th of May, 1940, and was accordingly held. The only candidates were O'Neal and Fairley. The latter received a majority of the votes. Again Fairley failed to make the $55,000 bond and take the oath of office. To fill the vacancy another election was ordered to be held on the 20th of August, 1940, and was held. In that election, O'Neal was not a candidate. Fairley and another were. Fairley received a majority of the votes cast and was declared elected by the proper authority.

During Fairley's term of office ending the 1st of January, 1940, the United States Fidelity & Guaranty Company was surety on his official bond. At a time between the two last elections, the surety conceiving that the bond might cover liability for Fairley's official acts during his hold-over period of 1940, as well as his regular term ending the 1st of January of that year, applied to the board of supervisors to be released from liability on the bond. The result was an order made granting the request. Up to that time Fairley held the office as a hold-over and until his successor should be elected. After the Surety Company was released, Fairley no longer acted as a member of the board of supervisors. That was his status at the time of the trial. In other words, neither Fairley nor O'Neal occupied the office.

Between the May and August elections, the board of supervisors discovered that it was in error in requiring of Fairley an official bond in the penalty of $55,000. Under the statute he was only required to give a bond in the penalty of 5 per cent of the aggregate of all state and county taxes for the previous year, which the board found amounted to $34,000. Fairley was informed of those facts and undertook to make the required bond. He failed to make it with a Surety Company, and thereupon as authorized by statute undertook to make a bond with individuals as sureties. Such a bond was presented to the board of supervisors for the approval of its president and the chancery clerk as required by statute. They declined

to approve it, and thereupon Fairley appealed from that action by means of certiorari. That case is now pending in this Court.

Chapter 59 is the 1930 Code Chapter on quo warranto. It is provided, among other things, in Section 3053, that the information shall lie in the name of the state whenever any person shall unlawfully hold or exercise the functions of any public office. Under Section 136 of the Constitution and Section 2881 of the Code of 1930, Fairley had the right to hold over during the year 1940 until his successor should be elected and make the required bond and take the oath of office, unless it be true, which we do not decide, that the release of the surety on his bond put an end to his hold-over. Even if that be true, however, O'Neal's status is not helped, for thereafter Fairley was not in possession of the office. In order to maintain such a proceeding as this to try the right to a public office, it must appear that the respondent is in actual possession and use of the office in question. It is not sufficient for the information to show that the respondent lays some claim to the office without usurping the functions thereof. Hyde v. State, 52 Miss. 665; Andrews v. Covington, 69 Miss. 740, 13 So. 853; Mitchell v. Finley, 161 Miss. 527, 137 So. 330; 51 C. J., p. 318, section 15. We do not reach the question whether O'Neal was legally elected to fill the vacancy, for conceding that he was, and that he made the required bond and took the oath of office required, he is not entitled to a judgment of the Court awarding him the possession of the office unless there is some one holding the office not entitled so to do. The case is simply this: The office is vacant—no one is exercising its functions. Both O'Neal and Fairley contend that under the law they have the right to do so. Under such a state of facts, neither has the right to resort to quo warranto. The remedy is by some other proceeding.

O'Neal contends that Fairley's failure to make the bond and take the oath after the first election rendered

him ineligible to become a candidate at any time during the term to fill the vacancy. Fairley's answer to that contention is that under Section 250 of the Constitution the only qualification required of a candidate for public office is that he be a qualified elector; and that such qualification can neither be added to nor taken from. Assuming that Fairley was disqualified to be a candidate to fill the vacancy, O'Neal argues that the result was, all the votes cast for Fairley should be disregarded and he, O'Neal, having received the highest number of votes as between himself and the other candidates, was elected. Fairley's answer to that contention is that the contrary is settled by Section 6250 of the Code of 1930, and Sublett v. Bedwell, 47 Miss. 266, 12 Am. Rep. 338; State v. Hays, 91 Miss. 755, 45 So. 728.

It is apparent that the conclusion we have reached renders it unnecessary to decide these questions.

Affirmed.