GLOVER *v.* CITY OF COLUMBUS.

(In Banc. Nov. 13, 1944. Suggestion of Error Overruled Jan. 8, 1945.)

[19 So. (2d) 756. No. 35689.]

John F. Frierson, of Columbus, for appellant.

470

**J. W. Loving** of Columbus, and **B. H. Loving**, of West Point, for appellee.

Green & Green and **W. E. Morse**, all of Jackson, amicus curiae.

Argued orally by **John F. Frierson,** for appellant, and by **B. H. Loving,** for appellee.

**Smith, C. J.,** delivered the opinion of the court.

The Attorney General, on the relation of the appellant, filed a petition in the court below, to which the City of Columbus was the sole defendant, alleging, in substance, that on the 4th day of January, 1943, he was elected by the mayor and city council of the City of Columbus as a policeman for a designated period, that is, his term was to expire with the expiration of the terms of office of the mayor and the members of the city council; that thereafter he was dismissed from the police force by an order made by the appellee's mayor and city council. The petition designated the appellant's position as policeman as an "office."

The petition prays for a judgment "that the said T. J. Glover, relator, is entitled to said office and should be reinstated therein" and for other relief not necessary here to be set forth. The appellee, the City of Columbus, filed a motion to dismiss this petition, which was in effect, what it should have been in form, a demurrer, alleging too, among other grounds, for the dismissal of the petition: (1) that this proceeding will not lie under Section

1120, Code of 1942, for the reason that it is not against a person in possession of and who withholds from the appellant an alleged office of which he claims to be the rightful incumbent; and (2) under the appellee's charter its mayor and city council had the right to dismiss the appellant from its police force. This motion of demurrer was sustained and the cause was dismissed.

The conclusion that we have arrived at on the second of these questions renders it wholly unnecessary for us to express any opinion on the first, consequently, we shall pretermit any discussion thereof; and anything hereinafter said must not be taken as an intimation that the procedure here adopted by the appellant is within the provisions of Section 1120, Code of 1942. The conclusion we have arrived at on the second of these questions will end this litigation; but a decision on the first of them to the effect that the wrong procedure was here adopted might, and probably would, result in another proceeding being instituted by the appellant for the accomplishment of what he here seeks.

Sections 20 and 175 of the Constitution are as follows:

"Section 20. No person shall be elected or appointed to office in this state for life or during good behavior, but the term of all offices shall be for some specified period."

"Section 175. All public officers, for wilful neglect of duty or misdemeanor in office, shall be liable to presentment or indictment by a grand jury; and, upon conviction, shall be removed from office, and otherwise punished as may be prescribed by law."

The appellant says that he was a public officer within the meaning of these two sections of the Constitution; that under the first, he cannot be removed before the expiration of his term of office except by conviction on an indictment charging him with the commission of crime under the second.

Under Section 20 of the appellee's charter, Chapter CCCXC, Laws of 1884, the mayor and city council are directed to elect or appoint certain city officials, and "a

sufficient number of police to preserve the peace, keep good order and enforce the ordinances of said city . . . and said council shall have power to remove from office at their pleasure, any officer appointed or elected by them, and they shall prescribe the duties of such office, except as fixed by this act.''

Section 21 thereof provided that ''said city marshal (a position or office created. by the appellee's charter) and the police officers of said city shall execute all ordinances, rules and regulations adopted by the board of mayor and city council, and shall execute all process and obey all orders issued by the mayor of said city; said city marshal shall have general superintendence of the police . . .''

By Section 16 of the charter the appellee's mayor is given ''power whenever he thinks the public welfare requires, to temporarily increase the police force by appointing additional policemen, and he may suspend from duty any policeman whenever he thinks it necessary, reporting such appointments or suspension with his reasons therefor to the city council as soon as practicable.''

Counsel for appellant admit that the appellee's mayor and city council had the right to discharge him ''at their pleasure'' if the provision therefor in Section 20 of the appellee's charter is still in effect; but that provision, they say, is in conflict with Sections 20 and 175 of the State's Constitution adopted in 1890, several years after the granting of the appellee's charter, and therefore was repealed thereby.

Two questions here arise: (1) Was the appellant holding an office within the meaning of Section 20 and a public officer within the meaning of Section 175 of the Constitution, and if so, (2) was the provision of Section 20 of the appellee's charter here under consideration repealed thereby.

A public officer, broadly speaking, is a person appointed or elected to perform a designated duty concerning the public. The duty which a municipal policeman is called on to discharge, of course, concerns the public;

consequently, broadly speaking, he may be referred to as a public officer. But the fact that his duties concern the public does not, without more, bring him within the provisions of Sections 20 and 175 of the Constitution. In order to come within the meaning of these two sections of the Constitution, the officer's duty must be continuing, be "defined by rules prescribed by law" (Shelby v. Alcorn, 36 Miss. 273, 72 Am. Dec. 169) to be discharged by him in his own right, and not by permission and under the supervision and control of another. State ex rel. Brown v. Christmas, 126 Miss. 358, 88 So. 881; McClure v. Whitney, 120 Miss. 350, 82 So. 259. Applying this definition to the provisions of the appellee's charter hereinbefore set forth, it will appear that members of the appellee's police force are not public officers within the meaning of either Section 20 or 175 of the Constitution; for they serve only by permission of appellee's mayor and city council, who not only prescribe their duties but supervise and control the performance thereof.

The purpose for which municipalities are formed is to promote the welfare of the inhabitants of the territory embraced within the proposed municipality, one fundamental element of this purpose being to create a local authority for keeping peace within the territory. The responsibility for the accomplishment of this purpose for the appellee's incorporation is imposed by its charter, primarily, on its mayor and city council, and the appointment of a police force, and the supervision thereof, by them is for the purpose of enabling them to discharge this duty. If Sections 20 and 175 of the Constitution apply to the members of the appellee's police force, then its mayor and city council would be practically helpless when faced by a recalcitrant police force, and crime would run riot, except in so far as the county police officers might control it, while the mayor and city council were awaiting the finding and outcome of an indictment against the individual members of the city's police force. We must attribute to the members of the convention which adopted

the Constitution of 1890 some common sense, which would be negatived if these sections of the Constitution apply here. If these sections apply here, they would also apply in other fields of government, and to such an extent that the public business could not be effectively discharged and the public welfare would be endangered. For example, it would apply to the police force of every municipality, the State Highway Patrol, members of the State Auditor's Accounting Department, members of the staff of the State Tax Commission, and to all of the employees of the state departments and political subdivisions whose duties concern the public welfare. McClure v. Whitney, supra. The dire consequences that would follow the construction of these sections of the Constitution which the appellant requests to give them, forbids us to so construe them unless it is clear that that construction, and no other, should be given them.

Section 20 of the appellee's charter refers to the appointees of its mayor and city council as officers and permits their removal "from office." This necessitates the consideration of State ex rel. Baker v. Nichols, 106 Miss: 419, 63 So. 1025. One of the questions there was: Is the position of deputy sheriff an office within the meaning of Section 250 of the Constitution, the purpose sought to be accomplished by which section is different than that sought to be accomplished by Sections 20 and 175 thereof. In answering this question, all the Court said was this: "The position of deputy sheriff is an office created by section 4664 of the Code, and is therein expressly designated as such. It can therefore only be held by a qualified elector." The duties of a deputy sheriff concern the public, and, broadly speaking, his position is a public office, as hereinbefore appears, and what the court evidently held was that all persons charged with the performance of duties which concern the public are public officers within the meaning of Section 250 of the Constitution. It may well be that the purpose sought to be accomplished by that section of the Constitution requires

the application to all such persons. That a statute designates a position, the holder of which is charged with a duty concerning the public, as an office is not without significance; nevertheless ''official or unofficial character is to be determined not by the presence or absence of an official designation, but by the nature of the functions to be performed.'' 46 C. J. 931. The court was not there called on to, and did not, determine whether a deputy appointed by a sheriff must be appointed for a fixed period of time and could not be removed at the sheriff's pleasure, as the statute provides, but only by indictment and conviction of crime under Section 175 of the Constitution. The case therefore, while of interest, is of little value here.

In Lizano v. City of Pass Christian, 96 Miss. 640, 50 So. 981, a city marshal elected by the people under Section 3375, Code of 1906, was removed from office not under Section 175 of the Constitution but under a municipal ordinance authorized by Section 3332 of the Code of 1906. Under that statute the city marshal not only is not appointed by the city's mayor and aldermen but must be elected by the people, and he exercises the power delegated to him by the legislature in his own right and not by permission and under the control of another, and, therefore, is a public officer within the meaning of Section 175 of the Constitution. That case is clearly distinguishable from the one we are now considering, as will appear from an examination of what has been hereinbefore said.

In Monette v. State, 91 Miss. 662, 44 So. 989, 124 Am. St. Rep. 652, a proceeding in the nature of a writ of quo warranto, on relation of the police commission of the City of Meridian, was brought against Monette to oust him from membership in the Meridian police force. He had been appointed by the police commission under the provisions of Chapter 134, Laws of 1900, but not for a fixed period of time. The court below removed Monette as a member of this police force, and one of the reasons

given by this court for affirming that judgment was "that a policeman is an 'officer,' within the meaning of section 20 of the Constitution of the state of Mississippi, and must be appointed for some specified time." An examination of Chapter 134, Laws of 1900, will disclose that this holding is in conflict with what we have hereinbefore said, and should be, and is hereby, overruled.

Affirmed.

## CONCURRING OPINION.

**Griffith, J.,** delivered a concurring opinion.

The term officer, or public officer, is not one of precise import, but its meaning varies with the connection in which used; and to determine it correctly, in a particular situation, resort must be had to the intention of the statute and the subject matter in reference to which the terms are used. Mootz v. Belyea, 60 N. D. 741, 236 N. W. 358, 75 A. L. R. 1347; State ex rel. v. Kiichli, 53 Minn. 147, 54 N. W. 1069, 19 L. R. A. 779; 42 Am. Jur., p. 879. Under the broader definitions a policeman is an officer; but the question here is whether that is the type of an office or officer which was within the contemplation of the makers of our Constitution in ordaining Section 175 thereof.

It is an absolute presumption that the makers of our Constitution were acquainted with official and governmental experience in every form and in every detail. They knew that officers or governing boards placed at the head of any governmental department and thereby made responsible each for the proper and efficient conduct of his office or department would of necessity have to have the authority of control and direction over every subordinate directly under him, even if these or some of them could themselves be denominated as officers as that term is broadly defined. They knew that dissensions, bickering, distrust, want of loyalty, and disagreements over policies and methods of procedure could seriously

impair or destroy the efficiency of any important department, and that most of these deterrents to the worth of a department could never be reached by an indictment for "wilful neglect of duty or misdemeanor in office," which are the only causes of removal specified in Section 175 of the Constitution.

Examples for illustration may be taken from many departments of government, but the Highway Patrol, mentioned in the court's opinion, is sufficient. If policemen are officers within Section 175, then so are highway patrolmen, yet our statute, Section 8081, Code 1942, provides for the dismissal of patrolmen without any reference to Section 175. The statute provides, as it ought to do, an ultimate means by which these officers will be made to conform to the directions and policies of the heads of that department, to the end that the functions of the department shall be loyally fulfilled as the heads thereof determine it ought to be done, not as the subordinates or some of them think it ought to be.

The Court in its opinion has adhered to the traditional practice of deciding only the precise issue involved which, here, is the office of policeman, but the application of the principles of construction upon which the opinion proceeds, and correctly so, would lead to the holding which had as well be made now, that Section 175, Const. 1890, has reference only to officers elected by a direct vote of the people and to heads of departments appointed by the Governor and confirmed by the Senate, including members of governing boards or commissions so elected or appointed, and not to their subordinates by whatever title or name the latter may be called; and in addition to Monette v. State, 91 Miss. 662, 44 So. 989, 124 Am. St. Rep. 652, we should overrule any case which holds or apparently holds otherwise, there being one or two others.

PARTIALLY DISSENTING OPINION.

**Anderson, J.,** delivered a partially dissenting opinion.

I disagree with the majority opinion holding that the case of Monette v. State, 91 Miss. 662, 44 So. 989, 124 Am. St. Rep. 652, should be overruled. A municipal policeman is a public officer, he is employed by the public to serve the public and is paid by the public. There is no substantial conflict in the authorities to that effect. 42 Am. Jur., Chapter on Public Officers, sec. 16; Shelby v. Alcorn, 36 Miss. 273, 72 Am. Dec. 169; Ware v. State ex rel. Poole, 111 Miss. 599, 71 So. 868.

The following constitutional provisions and ordinances of the city should be taken into consideration in determining the question whether Glover was an officer removable at the pleasure of the city authorities:

Section 38 of the ordinances of the city provides that all officers appointed or elected by the mayor and city council shall hold their respective offices during the pleasure of the council appointing them, and their term of office shall expire, of course, with the council appointing them.

Section 20 of the ordinances provides, among other things, that the mayor and council shall have the power to remove at pleasure any officer appointed or elected by them.

Section 8 of the ordinances provides that the mayor and councilmen shall hold their offices for two years.

Section 20 of the Constitution of 1890 reads: "No person shall be elected or appointed to office in this state for life or during good behavior, but the term of all offices shall be for some specified period."

Section 274 of the Constitution provides, among other things: "All statute laws of this state repugnant to the provisions of this Constitution, except as provided in the next three sections, shall continue and remain in force until the first day of April A. D. 1892, unless sooner repealed by the legislature."

Section 175 of the Constitution is in this language: "All public officers, for wilful neglect of duty or misdemeanor in office, shall be liable to presentment or indictment by a grand jury; and, upon conviction, shall be removed from office, and otherwise punished as may be prescribed by law."

Construing these constitutional provisions together in connection with the city ordinances referred to, it seems to me demonstrates that any ordinance or part thereof in conflict with Sections 20 and 274 of the Constitution was repealed after the 1st day of April, 1892. If that be true, then the result is Glover was a public officer with a term of two years, or for the balance of the term of the appointing power, and he could not be removed under Section 175 of the Constitution except for "wilful neglect of duty or misdemeanor in office" and conviction thereof on indictment. If a policeman is removable from office at the pleasure of the appointing power regardless of his qualifications, that, of course, would be true of all deputy officers appointed by the heads of departments of the state, including county and municipal. Think of the insecurity of such a position, to illustrate: Here is an officer highly competent to perform the duties of his office and is doing so; without cause the head of the department appointing him can kick him out at any time, he could do so alone for the purpose of making a place for a kinsman or a political ally. Such a power would be detrimental to the public welfare. The remedy alone to put him out of office would be that provided by Section 175 of the Constitution, "wilful neglect of duty or misdemeanor in office." If the case of State ex rel. Brown v. Christmas, 126 Miss. 358, 88 So. 881, holds to the contrary it is unsound and ought to be overruled. It is in conflict with the Monette case, supra, which holds that a policeman is a public officer.

I agree, however, that the judgment of the trial court should be affirmed for the reasons set out in O'Neal v. Fairley, 190 Miss. 650, 200 So. 722. It was held in that

case that quo warranto would not lie as a remedy to put a claimant to an office in possession thereof unless another was occupying the office claiming the right so to do. That is exactly what we have here. Glover is seeking to be restored to an office unclaimed and unoccupied by anyone else.