Damon, et al. *v.* Slaughter, et. al.

No. 40715 March 24, 1958 101 So. 2d 342

*Rabb & Watts,* Meridian, for appellants.

*Ethridge, Minniece & Bourdeaux, Dunn & Singley,* Meridian, for appellees.

K YLE, J.

H. E. Damon and others, complainants in the court below, filed their bill of complaint in the Chancery Court of Lauderdale County against James Slaughter, city engineer, and the City of Meridian, as defendants, asking that the defendant James Slaughter, as city engineer, be enjoined from engaging in the private practice of engineering, and that the defendant City of Meridian be enjoined from permitting its city engineer to engage in the private practice of engineering.

In their amended bill of complaint the complainants alleged that they were registered professional engineers engaged in the practice of engineering in the City of Meridian, and that they sued as individuals interested in the practice of engineering and also as taxpayers on behalf of all other taxpayers in the City of Meridian, and that such other taxpeyers were invited to join in the suit. The complainants further alleged that the defendant James Slaughter was a registered engineer and a duly appointed full-time city engineer of the City of Meridian, employed by and with the approval of the mayor and city council; that the duties of the city engineer were many and varied and of great importance to the general welfare of the citizens and taxpayers of the city, and that said position frequently involved the exercise of discretion and judgment in the nature of a public trust, such discretion and judgment being inherent in the office of city engineer as established by custom and the ordinances of the city; and that the city council and city manager were forced to rely on the advice and counsel of the city engineer in technical matters requiring expert knowledge of an engineer. The complainants further alleged that the defendant Slaughter, while serving as city engineer, continued to engage in the private practice of civil engineering, and held himself out to the public as being willing to accept employment on a fee basis to perform engineering services for private individuals; that the defendant Slaughter had been employed by the

real property subdividers in the City of Meridian to pre-
pare plats for subdividing the lands in most of the cases
which required the services of an engineer during the
period from 1951 to 1957; and that real property sub-
dividers in the city had learned that unless they employed
the city engineer to prepare their subdivision plats they
would encounter unreasonable delays in having their
subdivisions approved.

The complainants further alleged that it was against
public policy that the office of city engineer be subjected
to the conflict of interest which resulted from the city
engineer serving private individuals in any matter where-
in the public interest and the interest of the taxpayers of
the City of Meridian were involved, and more particular-
ly in cases where the city engineer accepted employment
for a fee from private landowners who wished to sub-
divide their lands within the city; that the complainants,
had on October 12, 1956, appeared by counsel before the
city council of the City of Meridian and requested said
council to cease permitting the city engineer to engage in
the private practice of engineering, and that following
their appearance before the city council the City of Meri-
dian had notified the complainants that it was unwilling
to withdraw its permission to the city engineer to engage
in the private practice of engineering; that the city coun-
cil, however, did amend the subdivision ordinance, by sub-
stituting the words ''city manager'' in place of the words,
''city engineer'' in the three places where the approval of
the city engineer had therefore been required. The com-
plainants alleged, however, that the amendments made to
the subdivision ordinance did not eliminate the conflict of
interest problem for which the complainants sought re-
lief, and that the unfair competition to which the com-
plainants were subjected would continue to prevail un-
less relief were granted as prayed for in the bill of com-
plaint. The complainants therefore prayed that on the
final hearing of the matter the court would issue a writ

of injunction enjoining the defendant James Slaughter from engaging in the private practice of engineering, while he held the office of city engineer, and enjoining the defendant City of Meridian from permitting the city engineer to continue to engage in the private practice of engineering.

The defendants filed general demurrers to the bill of complaint on the grounds, (1) that there was no equity on the face of the bill; and (2) that the complainants, as taxpayers, were not authorized to bring the suit.

The cause was heard by a special chancellor on the general demurrers, and the general demurrer of each of the defendants was sustained. The complainants declined to plead further, and a decree was entered dismissing the bill of complaint. From that decree the complainants prosecute this appeal.

The appellants' attorneys argue three points in support of their contention that the chancellor erred in sustaining the general demurrers to the bill of complaint: (1) That the city engineer of the City of Meridian is an "officer" of the city to which a portion of the sovereign power of the city is delegated by law, and the duties assigned thereto are of a continuing nature; (2) that when the city engineer holds himself out as a private practitioner for private profit to serve his clients in matters that subsequently will have to be passed on by himself as a public officer, a conflict of interest arises and persons damaged by such conflict of interest are entitled to relief in equity; and (3) that the appellants, as interested parties and taxpayers, had the right to bring the suit.

But we think that there was no error in the chancellor's action in sustaining the demurrer to the complainants' bill.

We do not think that the city engineer is a public officer. The term "office" implies a delegation of a portion of the sovereign power, and the possession of it by the person filling the office; and the ex-

ercise of such power within legal limits, constitutes the correct discharge of the duties of such office. Shelby v. Alcorn, 36 Miss. 273; State ex rel. Brown v. Christmas, 126 Miss. 358, 88 So. 881; State ex rel. Garrison v. Mc-Laurin, 159 Miss. 188, 131 So. 89; Glover v. City of Columbus, 197 Miss. 467, 19 So. 2d 756, 156 A. L. R. 1350; Golding v. Armstrong (Miss. 1957), 97 So. 2d 379.

■■ ■ The bill of complaint shows that the City of Meridian is operating under the council manager plan of government provided for in Sections 3825.5-01 to 3825.5-48, Mississippi Code of 1942, Annotated. Section 3825.5-17 provides that the city manager shall appoint and remove all department heads and other employees of the city or town, except that the council shall appoint the city or town attorney and the auditor, and the council may, in its discretion, appoint the city or town clerk and the treasurer; and that the city manager shall supervise and control all department heads and other employees and their subordinates. The city engineer is appointed by the city manager and is subject to the supervision and control of the city manager. His acts are subject to the approval of the city manager and the city council. While it is true that many of the duties of the city engineer are specifically mentioned in the ordinances relating to the laying out and marking of streets, the establishment and maintenance of the sewerage system, the construction and maintenance of sidewalks, curbs and gutters, and the performance of other municipal functions which require the technical advice or supervision of a civil engineer, the nature of the duties of the city engineer are not such as to imply a delegation of a portion of the sovereign power, so as to make the city engineer a public officer. The duties which he is appointed to perform are duties concerning the public; but the fact that the duties which he performs are duties concerning the public does not make him a public officer. Glover v. City of Columbus, supra; Golding v. Armstrong, supra.

 Since the statute confers upon the city manager the power to employ the city engineer and to supervise and control him in the performance of his duties, the Court cannot interfere with the exercise of such powers by the city manager, or impose restrictions upon the city engineer which neither the legislature nor the city council has seen fit to impose.

 The basic charge made by the complainants is that Slaughter's acceptance of private employment for the rendition of engineering services to property owners within the city creates a conflict of interest which might in some instances adversely affect his actions as city engineer, and that Slaughter's acceptance of such private employment is unfair to other civil engineers engaged in the practice of their profession in the city. But no specific facts are alleged in the bill of complaint to show that such conflict of interest has actually resulted in any case or that the public interest or the interest of the city has been adversely affected by Slaughter's performance of engineering services for private property owners. The bill of complaint does not charge that Slaughter has neglected his duties as city engineer to perform engineering services for private property owners, or that he has engaged in private practice as a civil engineer on "city time" or that there is any city ordinance which forbids him from engaging in such private practice on his own time. No facts are alleged in the bill which indicate in any way that Slaughter, while acting in his capacity as city engineer, has engaged in any transactions which were illegal, or that he has been directly or indirectly interested in any contracts for public work or contracts for the sale of materials or supplies to the city.

 The legislature has not seen fit to prohibit city engineers from engaging in the private practice of their profession during the terms of their employment as city engineer. The legislature has not seen fit to impose

restrictions upon the private practice of city engineers, such as the complainants would have the court impose in this case. The governing authorities of the City of Meridian have not deemed it necessary, or for the best interest of the public, to impose such restrictions upon the city engineer of that city. The court, in our opinion, has no power under the facts alleged in the bill of complaint, to substitute its judgment for that of the governing authorities of the municipality. In the absence of any legislative declaration restricting such practice, the Court cannot say that Slaughter's acceptance of employment for the performance of engineering services for private individuals, on his own time, and not on "city time", is unlawful or contrary to public policy. Fairley v. Western Union Telegraph Co., 73 Miss. 6, 18 So. 796; City of Jackson v. McLeod, 199 Miss. 676, 24 So. 2d 319; Golding v. Armstrong, supra.

We think there was no error in the chancellor's finding that the bill of complaint failed to state a case for equitable relief; and the judgment of the lower court is therefore affirmed.

Affirmed.

*Roberds, P. J.,* and *Hall, Holmes* and *Gillespie, JJ.,* concur.