STATE EX REL. ATTORNEY GENERAL *v.* McDOWELL.

[71 South. 867.]

1. HEALTH. *Factory inspector. Term of office. Removal. Statutes.*

Under Code 1906, section 3456, providing that the term of office of all officers not otherwise provided by law shall be four years and until their successor shall be duly qualified, a state factory inspector appointed under Laws 1914, chapter 163, which provides for such appointment, fixes his salary and prescribes his duties but does not fix his term of office, holds his office for a term of four years.

2. HEALTH. *Factory inspector. Removal.*

A state factory inspector is a public officer, and the authority conferred on the board of health by statutes to remove him for cause, can be exercised only upon charges, notice and an opportunity to be heard and such cause must be a good cause, and not a mere arbitrary exercise of the authority thus conferred.

APPEAL from the circuit court of Hinds county.
HON. W. H. POTTER, Judge.

*Quo warranto* by the state on relation of the attorney-general against David McDowell. From a judgment for defendant, relator appeals.

The facts are fully stated in the opinion of the court.

*Mayes, Wells, May & Sanders,* for appellant.

*A. H. Longino* and *J. L. R. McDowell,* for appellee.

POTTER, J., delivered the opinion of the court.

David McDowell, the appellee in this case, was appointed state factory inspector under chapter 163, Laws of 1914, and his term of office began May 1, 1914, and according to his contention ends May 1, 1918, unless vacated by death, resignation, or removal for cause. On the 26th day of January, 1916, the state board of health, acting, as it believed, within rights and powers conferred by chapter 163 of the Laws of 1914, passed an order declaring the office of factory inspector vacant, and electing A. B. Hobbs to fill the vacancy so declared. Mr. Hobbs, having been commissioned by virtue of said election, demanded of Mr. McDowell that the office, paraphernalia, records, etc., of the office in question be turned over to him. This Mr. McDowell refused to do, maintaining that the board of health had no legal authority to declare the office vacant, and that Mr. Hobbs had not been legally elected to the office, as no vacancy existed. Chapter 163 of the Laws of 1914 does not provide the term of office of the factory inspector, therefore section 3456 of the Code of 1906, providing "that the term of office of all officers, not otherwise provided by law, shall be four years and until their successors shall be duly qualified," applies; and Mr. McDowell's term of office, therefore, had not expired at the time the board of health attempted to remove him and elect his successor. This suit was brought by the Attorney General to determine whether or not Mr. McDowell is rightfully entitled to the office in question.

It is conceded by counsel for appellant, and it is too clear for argument that the office in question is a public office. The position of state factory inspector is denominated an office by the act creating the office, his salary is fixed by statute, his duties are prescribed by statute, and

he is not subject to the direction of any authority in the performance of his duties. In fact, he is made a public officer in every possible way that the legislature can make an officer a public officer. The question therefore, to determine is whether or not, under a statute giving the board of health authority to remove the state factory inspector "for cause," the said board has the authority to remove such officer without specifying any cause satisfactory or otherwise and to remove him without a hearing. In our opinion the authority conferred on the board of health to remove the factory inspector can be exercised only upon "charges, notice, and an opportunity to be heard." While the board of health under the statute in question has the authority to remove the factory inspector for cause, this cause must be a good cause, and not a mere arbitrary exercise of the authority thus conferred. The factory inspector must be informed of the nature of the charges preferred against him, and an opportunity must, be afforded him to be heard; in other words, he is entitled to his day in court.

"A conditional or limited power of removal as for cause may, however, be exercised only after charges have been made against and a hearing accorded the person to be removed. But if the power to remove is for a specified cause or other cause satisfactory to the removing authority no hearing need be given." 29 Cyc. 1409.

A well-considered case holding to the effect in *Ekern* v. *McGovern,* 154 Wis. 157, 142 N. W. 595, 46 L. R. A. (N. S.), 797, from the supreme court of isconsin, and also the case of *Reid* v. *Walbridge,* 119 Mo. 383, 24 S. W. 457, 41 Am. St. Rep. 663.

The judgment of the circuit court is therefore affirmed.

*Affirmed.*