GOLDING, STATE AUDITOR, et al. *v.* ARMSTRONG

No. 40617 October 14, 1957 97 So. 2d 379

890

*Matthew Harper, Jr.,* Asst. Atty. Gen., Jackson, for appellant, *Boyd Golding,* Auditor of Public Accounts.

*Gore & Gore, Creekmore & Beacham,* Jackson, *Burgin & Reid,* Columbus; *P. L. Denton,* Marks, for appellant, *Ney M. Gore, Jr.*

*Osborne G. Idom,* Forest; *Will S. Wells,* Jackson, for appellee.

ARRINGTON, J.

Appellee, Jack Armstrong, Jr., a resident citizen of Scott County, Mississippi, filed an original and amended bill of complaint in the Chancery Court of the First Judicial District of Hinds County seeking to permanently enjoin Boyd Golding, State Auditor, from issuing pay warrants to Ney Gore, Jr., for salary or expenses as Executive Director of the State Sovereignty Commission. Ney Gore, Jr., was permitted to intervene as a party defendant. Demurrers were sustained to the original bill. An

amended bill was filed and the demurrers filed thereto were overruled, and the appellants granted an interlocutory appeal to this Court.

In the amended bill, appellee avers that he is a resident citizen of Scott County and a taxpayer of the State of Mississippi; that he brings this suit for and on behalf of all the taxpayers of the State, and invites any and all other taxpayers to join in said suit. It is further averred that the Attorney General of the State of Mississippi was requested to permit the filing of suit in the name of the State, which was refused; that he was requested, and likewise refused, to permit suit to be brought in his name to enjoin the State Auditor, and further, that the Attorney General is not a proper party for the bringing of this suit for the reason that he is a member of the Sovereignty Commission which appointed Gore to the office of Executive Director, and that his interest would be conflicting.

The amended bill avers that the legislature at its regular session in 1956 enacted House Bill 880, Chapter 365, Laws of 1956, creating the State Sovereignty Commission; that Ney Gore, Jr., was a member of the legislature at that time; that the Sovereignty Commission under Section 13 of the Act created the office of Executive Director of said Commission and fixed the salary at $7200 per year and prescribed the duties thereof; that Gore is now holding said office in violation of Section 45 of the Constitution of 1890.

 The appellants, in their first assignment, argue that the appellee is without authority to bring this suit. We are of the opinion that the appellee has complied with all the requirements to maintain a taxpayers' suit. McKee v. Hogan, 145 Miss. 747, 110 So. 775; Chance, et al v. Miss. State Textbook Rating and Purchasing Board, et al, 190 Miss. 453, 200 So. 706.

The appellants next contend that the position of Executive Director of the State Sovereignty Commission

constitutes employment and does not come within the prohibition of Section 45 of the Constitution of 1890. Section 45 reads as follows:

"No senator or representative, during the term for which he was elected, shall be eligible to any office of profit which shall have been created, or the emoluments of which have been increased, during the time such senator or representative was in office, except to such offices as may be filled by an election of the people."

The title to House Bill 880, Chapter 365, Laws of 1956, creating the State Sovereignty Commission is as follows:

"AN ACT creating the State Sovereignty Commission, prescribing the membership thereof, the methods by which they are to be selected and their terms of service, describing its authority, duties and powers; and for related purposes."

Section 3 of the Act provides: "The Governor shall be chairman of the commission, and the President of the Senate the vice-chairman, with authority to act in the absence of the chairman. The commission may employ a secretary who shall keep a record of the proceedings of the commission and its receipts and disbursements."

Section 12 authorized members of the commission and the duly authorized employees and representatives of the commission to examine records, books, documents and to conduct investigations, etc.

Section 13: "The commission may employ such legal, porfessional, expert, secretarial, clerical and other help deemed necessary and proper to carry out the objectives and purposes of this act, and is hereby authorized and empowered to fix the compensation of such employees at any reasonable amount, in its discretion, and in addition, to reimburse such employees for expenses incurred in traveling on the business of the commission. The commission may also pay witness fees and mileage to witnesses at the rates now allowed witnesses by law in the

circuit court. A full, complete and itemized record shall be kept of all such expenditures. The commission may expend such of its funds deemed necessary for advertisement in any manner or form deemed necessary, and to employ speakers and other persons and agencies wherever deemed necessary and proper to assist this commission in carrying out the objectives and purposes hereof.''

Section 16: ''The commission is hereby endowed with full power and authority to do and perform any and all acts and things deemed necessary and proper to carry out the objectives and purposes of this act.''

The amended bill avers that the State Sovereignty Commission, under the authority of the above quoted section 13, created the office of Executive Director of said Commission and fixed the salary. The appellee further alleges that Ney Gore, Jr., is charged with the duty of complete management of the affairs of the Commission in that he directs the activities of all employed personnel, is clothed with power and authority to make investigations pertaining to the operation of the Commission and to all intents and purposes directs and supervises the entire work of the said Sovereignty Commission.

██ It is true that the demurrer admits all material facts well pleaded in the bill, but it does not admit conclusions of the pleader. We have carefully examined the act in question and find that it is silent as to the creation of any office or that of Executive Director, and that the act vests all the authority and responsibility in the State Sovereignty Commission.

██ The sole question to be determined is whether the position that Gore is now holding is an office of profit. Of course, it may be conceded that if it is an office of profit it comes within the prohibition of Section 45 of the Constitution. In the case of Shelby v. Alcorn, 36 Miss. 273, the Court distinguished between office and employment. That case was decided in 1858 and involved Section 26 of the Constitution of 1832, which provision is

to the same effect as Section 45 of the Constitution of 1890. In that case, Alcorn was a member of the legislature which passed the law creating the office of Levee Commissioner and fixing his term of office and compensation. The Court held that the Levee Commissioner was an officer and his place an office, and Alcorn's appointment was void. In its opinion, the Court said:

"The term office has no legal or technical meaning attached to it, distinct from its ordinary acceptations. An office is a public charge or employment; but, as every employment is not an office, it is sometimes difficult to distinguish between employments which are, and those which are not offices. ■ It is generally, if not universally true that a duty or employment arising out of a contract, and dependent for its duration and extent upon the terms of such contract is never considered an office. An officer, as defined by Blackstone, is a right to exercise a public or private employment, and to take the fees and emoluments thereunto belonging, whether public, as those of magistrates, or private, as bailiffs, receivers, and the like. 2 Blacks. Com. 36. ■ And it is laid down 'that a public officer is one who has some duty to perform concerning the public; and he is not the less a public officer when his duty is confined to narrow limits, because it is the duty, and the nature of that duty, which makes him a public officer, and not the extent of his authority.' 7 Bac. Ab. 280; Carthew, 479. And we apprehend that it may be stated as universally true, that where an employment or duty is a continuing one, which is defined by rules prescribed by law and not by contract, such a charge or employment is an office, and the person who performs it is an officer."

The Court further held that the term "office" implies a delegation of the portion of the sovereign power, and the possession of it by the person filling the office; and the exercise of such power within legal limits, constitutes the correct discharge of the duties of such office.

In McClure v. Whitney, 120 Miss. 350, 82 So. 259, the Court quoted with approval from Shelby v. Alcorn, supra, and said:

"It will be noted from the above quotation that the employment or duty is a continuing one prescribed by law and not by contract. In all of the cases relied upon by the appellant, the duties of the officer were prescribed by law, and also the terms of their offices were prescribed by law. The essential distinction between an employment and an office is that in an office the duties and powers are prescribed by law, while in a contract the duties and powers are either prescribed by contract or prescribed by some person having power and authority to direct the employee as to the services such employee shall perform. . . . . . Inasmuch as the statute does not prescribe either the duties to be performed by the secretary and treasurer, or for a specific term or for any specific compensation, and inasmuch as a private person can be a secretary or treasurer, the statute does not make these positions public offices."

In the case of State ex rel Brown v. Christmas, 126 Miss. 358, 88 So. 881, the Court held: "An office, broadly speaking, is a public charge or employment, and a public officer, also broadly speaking, is one who has some duty to perform concerning the public; but in the constitutional sense—'the term "office" implies a delegation of a portion of the sovereign power, and the possession of it by the person filling the office.' Shelby v. Alcorn, 36 Miss. 273, 72 Am. Dec. 169.

"This definition carries with it ex vi termini the further idea that the power delegated must be exercised by the person in his own, and not in another's right. A deputy does not come within the definition, for a deputy is—'One who is appointed, designated, or deputed, to act for another; one who by appointment exercises an office in another's right.' 18 C. J. 784."

In State ex rel Garrison v. McLaurin, 159 Miss. 188, 131 So. 89, this Court held: ''The first case that seems to have held that duties continuing in their nature are essential to a public office is United States v. Maurice, 2 Brock, 96 Fed. Cas. No. 15,747, tried by Chief Justice Marshall, while on circuit, wherein he held that a public office was created by the delegation by Congress of public duties that were to continue indefinitely. That case was cited and followed in Shelby v. Alcorn, 36 Miss. 273, 72 Am. Dec. 169, wherein our predecessor, the High Court of Errors and Appeals, said 'that where an employment or duty is a continuing one, which is defined by rules prescribed by law and not by contract, such a charge or employment is an office, and the person who performs it is an officer.' So, also, said that court in Hill v. Boyland, 40 Miss. 625, and this court in McClure v. Whitney, 120 Miss. 374, 82 So. 259.''

In the recent case of Glover v. City of Columbus, 197 Miss. 467, 19 So. 2d 756, this Court said:

''A public officer, broadly speaking, is a person appointed or elected to perform a designated duty concerning the public. The duty which a municipal policeman is called on to discharge, of course, concerns the public; consequently, broadly speaking, he may be referred to as a public officer. But the fact that his duties concern the public does not, without more, bring him within the provisions of Sections 20 and 175 of the Constitution. In order to come within the meaning of these two sections of the Constitution, the officer's duty must be continuing, be 'defined by rules prescribed by law' (Shelby v. Alcorn, 36 Miss. 273, 72 Am. Dec. 169) to be discharged by him in his own right, and not by permission and under the supervision and control of another. State ex rel Brown v. Christmas, 126 Miss. 358, 88 So. 881; McClure v. Whitney, 120 Miss. 350, 82 So. 259. Applying this definition to the provisions of the appellee's charter hereinbefore set fourth, it will appear that members of the appellee's

police force are not public officers within the meaning of either Section 20 or 175 of the Constitution; for they serve only by permission of appellee's mayor and city council, who not only prescribe their duties but supervise and control the performance thereof.''

It will be observed from a reading of the above decisions that the rule set forth in Shelby v. Alcorn, supra, has been consistently reaffirmed by this Court.

■■ ■ From the above definitions of ''office'' and ''officer'', it is clear that Gore does not come within the definition, for the Sovereignty Commission was vested with the authority under Section 13 of the act to employ persons to assist in the execution of the act, and we hold that Gore is a mere employee working at the pleasure and under the direction of the State Sovereignty Commission.

The case of Shelby v. Alcorn, supra, was based on Section 26 of the Mississippi Constitution of 1832, and the opinion in that case was rendered in 1858. Since that decision the Constitution of 1869 and the Constitution of 1890 readopted the provision without material change. The framers of the Constitution well knew the holding of the Court in the case of Shelby v. Alcorn and they could have easily amended the section by adding the words ''or employment.'' However, they did not do this and as a Court, we are under a duty to construe the Constitution as written.

■■■ Appellee argues that the case should be resolved in favor of appellee on grounds of public policy, which is to say that it is against public policy for a member of the legislature to be eligible for employment during the term for which he was elected when the employment was created during the time such member was in office. Section 45 of the Constitution was based on public policy, but limited the prohibition to an office of profit. The principle involved could be extended to prohibit employment, ■■ ■ but the authority to do so belongs to the

legislature, and the legislature has done so; for instance, it provided in Chapter 47, Laws of 1930, that no member of the legislature could be employed by the Highway Department, directly or indirectly. It could have done the same when it created the Sovereignty Commission. The extension of the prohibition contained in Setcion 45 of the Constitution to include employment is clearly a matter for the legislature to consider, since it declares the public policy of the State and its declaration is final as far as the courts are concerned.

It follows from what we have said that the lower court erred in overruling the demurrers to the amended bill of complaint.

Reversed, demurrers sustained, and cause remanded.

All Justices concur.