RODGERS, Justice:
This is an appeal by the City of Jackson, Mississippi, from the Chancery Court of the First Judicial District of Hinds County, Mississippi, from an order sustaining demurrers of appellees, Samuel Randolph Little and Southern Farm Bureau Casualty Insurance Company, Inc. The City of Jackson has appealed in an interlocutory appeal initiated by the chancery court’s own motion and in its own discretion to settle the controlling principles of this case. Mississippi Code 1942 Annotated section 1148 (1956).
The record reveals that Samuel Randolph Little, while in the exercise of his duties as a policeman with the City of Jackson, Mississippi, was injured in an automobile accident with a third party, resulting in Little’s incapacity for approximately eight and one-half months, during which time he performed no duties of his employment whatsoever. The City of Jackson paid Little all of his salary during such period in the amount of $4,493.71.
Subsequently, Little, through legal counsel, negotiated a settlement for his personal injuries in the amount of $10,000 with ap-pellee, Southern Farm Bureau Casualty Insurance Company, Inc., as the insurance carrier involved in the third party liability claim. The City of Jackson filed its suit seeking to recover jointly and severally from appellees the sum of $4,493.71. Southern Farm, having notice of the equitable subrogation claim asserted by the City, withheld approximately one-half of the agreed upon settlement amount.
The City contends that pursuant to the policy of the City in such matters, which policy was well known to Little and to all City employees, the City, when making payment of salary during the period of incapacity by reason of personal injury caused by a third party from whom monetary recovery was made, required such em *797 ployee to repay and reimburse the City for all amounts of salary paid to the employee. The employee was obligated to make such repayment and reimbursement and was expected to make the same while so employed. It is alleged that this policy was followed by the employees of the City, and particularly by Little, who in a previous accident in the year 1967 sustained personal injuries for which a third party was liable and from whom monetary recovery was made. At that time Little made repayment of the salary paid him during the incapacity resulting from such personal injuries. This repayment was pursuant to the policy of the City and Little’s obligation thereunder to repay the advanced salary. The City thus maintains that under these facts it has a cause of action based upon the principles of equitable sub-rogation and unjust enrichment. In the alternative, it contends that it is entitled to recover under the principles of conventional subrogation. On the other hand appel-lee, Little, contends that he was a public officer and not an ordinary employee of the City, and that as a public officer he was entitled to compensation incident to his office as long as he holds it, regardless of his performance of the duties of the office. He then argues that since the City has paid him his salary it is estopped from denying that he was entitled to the salary paid him.
Appellee further contends that the City of Jackson — by reason of the payment by it to Patrolman Little during his absence from duty because of injury, without his fault, in the line of duty, because of negligence of a third party — was not entitled to be subrogated to the rights of a policeman against such third party since the City’s obligation to pay the injured policeman was not a contract of indemnity but was a duty to pay its own debt and not to pay the debt, default or miscarriage of another. Appellee argues that no subrogation arises under such conditions. He contends that the laws of subrogation, under the laws of this state, do not apply in the case at bar.
The appellant assigns as error the proposition that the chancery court erred in sustaining the demurrers of the appellees to the bill of complaint of appellant. We are of the opinion, however, that the chancellor was correct in his action. Although Little was an employee and not an officer of the City of Jackson, he was entitled to his salary until such time as he was suspended, discharged or relieved of his duty with the-police department. Furthermore, from the record there is no evidence that Little’s settlement with the third party tort-feasor included recovery for his salary.
We are of the opinion and so hold that Samuel Little, as a policeman for the City of Jackson, Mississippi, is an employee of the City of Jackson and not a public officer of that City. This issue was decided in the early Mississippi case of Glover v. City of Columbus, 197 Miss. 467, 19 So.2d 756 (1944). See also Golding v. Armstrong, 231 Miss. 889, 97 So.2d 379 (1957); Shelby v. Alcorn, 36 Miss. 273, 72 Am.Dec. 169 (1858); 16 McQuillen on Municipal Corporations § 45.11, page 665 (3rd ed. 1963). This rationale is strengthened by the fact that policemen in the City of Jackson are controlled by the Civil Service Commission, Mississippi Code 1942 Annotated section 3825-01 et seq. (Supp.1968), and subject to all the rules pertaining thereto. City of Jackson, Mississippi, et al. v. Little, 245 So.2d 204 (Miss.1971).
However, although appellee, Little, was an employee and not an officer of the City of Jackson, he was still entitled to his salary so long as he was not suspended, discharged, nor relieved of duty from the police department. See: Molino v. Board of Public Safety of City of Torrington, 154 Conn. 368, 225 A.2d 805 (1966); 62 C.J.S. Municipal Corporations § 586a, page 1179 (1949). From the record there is no showing that he was so suspended, discharged or relieved of duty, and for that reason, he was entitled to his salary until such action was taken by the City. We hold, therefore, that the City of Jackson is estopped *798 from denying that it owed that salary which it has paid to officer Little as a result of its employment contract with him.
Furthermore, from the record there is no evidence that the $10,000 settlement between Little and the third party tort-feasor contained recovery for anything other than pain and suffering. In other words, there is no showing that the settlement included recovery for any salary. For this further reason we are of the opinion that subrogation does not lie wherein the City may recover the $4,493.71 salary paid to policeman Little.
We hold, therefore, that the chancellor was correct in sustaining the demurrers of appellees, Little and Southern Farm Bureau Casualty Insurance Company, Inc.
Affirmed.
ETHRIDGE, C. J., and BRADY, PATTERSON and SMITH, JJ., concur.